## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

RAY HALL, Individually and as the )
Widower of BETTY JEAN HALL, JOQULYN HALL, )
RACHEL HALL, DENTEA HALL, LAWANDA HALL, )
CRYSTAL HALL and ANGELA SMITH, )
                                                   )
           Plaintiffs, )
                                                   )
              vs. ) CIV-10-444-FHS
                                                   )
JOHN MAXWELL, M.D., KIAMICHI FAMILY )
MEDICAL CENTER, INC., WILLIAM J. HARRISON,)
D.O., MCCURTAIN MEMORIAL MEDICAL )
MANAGEMENT, INC., d/b/a MCCURTAIN MEMORIAL)
HOSPITAL, INDIAN NATIONS HEALTHCARE, LCC, )
d/b/a BROKEN BOW NURSING HOME, TEXAS HEART)
HOSPITAL OF THE SOUTHWEST, LLP d/b/a )
THE HEART HOSPITAL OF BAYLOR PLANO, )
                                                   )
           Defendants. )

**<u>ORDER</u>**

    Before the court for its consideration is the Defendant Texas Heart Hospital of the Southwest, LLP d/b/a Texas Heart Hospital Of Baylor Plano's 12 (b)(2) Motion To Dismiss For Lack Of Personal Jurisdiction And, In The Alternative 12 (b)(3) Motion To Dismiss For Improper Venue And Brief In Support Thereof (Doc. 5). In the motion to dismiss, Texas Heart Hospital of the Southwest, LLP d/b/a Texas Heart Hospital of Baylor Plano (defendant) argues this court should dismiss this action against it because this court lacks personal jurisdiction over it. Further, defendant argues the court should dismiss this lawsuit for improper venue. Plaintiff responded by arguing this court has jurisdiction over the defendant under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. Sec. 1367. Further, plaintiff argues the court has personal jurisdiction

1

over defendant under the doctrine of specific jurisdiction. The court rules as follows on the motion.

Defendant argues this court does not have personal jurisdiction over it. Plaintiff has the burden of establishing personal jurisdiction over each defendant. OMI Holdings, Inc. v. Royal Ins. Co. Of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). When a district court rules on a motion to dismiss for lack of personal jurisdiction without a hearing, the plaintiff need only make a *prima facie* showing of jurisdiction to defeat the motion. Id. Unless Congress specifically indicates otherwise, there are two limits on a federal court's ability to assert personal jurisdiction. First, a federal district court may only exercise personal jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed.R.Civ.P. 4(k)(1)(A). Second, in addition to satisfying this state law requirement, the exercise of personal jurisdiction must "not offend the due process clause of the Fourteenth Amendment." Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir.1995). Oklahoma, however, "permits the exercise of any jurisdiction that is consistent with the United States Constitution." Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum state'" Intercon, Inc., 205 F.3d at 1247 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)). Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant had with the forum state, Burger King Corp. v. Rudzewicz, 471 U.S. 462,

472-73(1985), or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. <u>Rambo v. American Southern Ins. Co.</u>, 839 F.2d 1415, 1417-1419 (10th Cir. 1998). Under either theory of jurisdiction, the defendant's contacts must be substantial enough so that exercising personal jurisdiction "does not offend traditional notions of fair play and substantial justice." <u>Far West Capital</u>, 46 F.3d at 1074 (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, (1945)). This requirement will be satisfied where, after reviewing the defendant's interactions and connections with the forum state, a court can conclude that the defendant has "'purposefully availed' [himself] of the protection and benefits of the laws of the forum state." <u>Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.</u>, 17 F.3d 1302, 1305 (10th Cir.1994) (quoting <u>Burger King Corp.</u>, 471 U.S. at 473-76).

The court finds the fact as follows. Defendant is located and has its principal place of business in Plano, Texas. Defendant is incorporated under the laws of Texas. Defendant is not licensed to do business in the state of Oklahoma. The defendant does not own, lease, or control any property or assets in Oklahoma. Defendant does not own or operate any facilities in Oklahoma and does not have any employees in the state of Oklahoma. Defendant does not pay taxes in the state of Oklahoma and has not rendered care to any patient in Oklahoma. The medical records pertinent to the defendant's care of Betty Jean Hall were created and maintained in Texas. The defendant did not render care to the plaintiff in Oklahoma. All the witnesses involved in the health care rendered by defendant do not practice their professions in Oklahoma but instead, practice in Texas. Any and all health care provided by the defendant to plaintiff occurred

3

in Texas. The court finds defendant did not have continuous and systematic contacts with the state of Oklahoma.

Looking at the Petition in this case, it is evident that all the allegations against defendant pertain to the transfer of the plaintiff from the defendant's facility in Texas to a nursing home in Broken Bow, Oklahoma. Plaintiff offers no more contact with the state other than the transfer of this patient to a facility in Oklahoma. Plaintiff submits no additional facts supporting personal jurisdiction in its response to the motion to dismiss. The court finds the contacts with the state of Oklahoma are insufficient to establish specific jurisdiction as well. Defendant simply did not avail itself of the law of the state of Oklahoma. Accordingly, the court finds it cannot exercise personal jurisdiction over defendant.

Plaintiff has argued the court can exercise jurisdiction over the defendant under the supplemental jurisdiction doctrine found in 28 U.S.C. Sec. 1367. However, plaintiff's reliance on this doctrine is misplaced. "Supplemental jurisdiction by whatever name, is a doctrine of subject matter jurisdiction. It permits federal courts to entertain claims that individually do not satisfy an independent basis of federal subject matter jurisdiction such as diversity of citizenship or federal question jurisdiction." 13B Charles Alan Wright & Arthur A. Miller, Federal Practice & Procedure Sec. 3567. Even assuming that the court has supplemental jurisdiction over the claims, the Court must still have personal jurisdiction over the defendant in order to adjudicate the claims against them. United States v. Country Classic Dairies, Inc., 2006 WL 2331061 * 3[1]. The Tenth Circuit

---

[1]The court realizes this is an unpublished decision but finds it instrumental to the issues before the court.

Court of Appeals has recognized the unrelated doctrine of pendent personal jurisdiction, which permits a court to entertain a claims against a defendant over whom it lacks personal jurisdiction, but only if that claim arises from a common nucleus of operative facts with a claim in the same suit for which the court does have personal jurisdiction over that defendant. United States v. Botefuhr, 309 F.3d 1263, 1272-1275 (10th Cir. 2002).

> Pendent personal jurisdiction, like its better known cousin, supplemental subject matter jurisdiction, exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim. In essence, once a district court has personal jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction. Id. at 1272.

The court does not possess personal jurisdiction over any of the defendant's claims, thus the doctrine of pendent personal jurisdiction does not save plaintiff's claim.

There is no basis for the Court to exercise personal jurisdiction over the defendant. As a result, the defendant's motion to dismiss for lack of personal jurisdiction is hereby **GRANTED**.

**IT IS SO ORDERED** this 12th day of January, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma